UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MORRIS,

    Plaintiff,

    v.

BRIAN MACKIE,

    Defendant.
_____/

Case No. 15-cv-13888

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER SUMMARILY DISMISSING COMPLAINT**

On October 30, 2015, Plaintiff Dale Morris filed a *pro se* complaint under 42 U.S.C. § 1983. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, awaiting trial on charges related to an alleged bank robbery. Plaintiff names a single defendant, Brian Mackie. He seeks immediate release from incarceration, and declaratory and monetary relief. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim upon which relief may be granted.

**I.    STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P.

8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II.  DISCUSSION

Plaintiff claims that Washtenaw County Prosecutor Brian Mackie is improperly proceeding with criminal charges against him related to an alleged bank robbery. He claims that charges are based upon deficient charging instruments and upon a statute that was never properly enacted.

The common law principle of absolute immunity for prosecutors applies to claims filed under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. In contrast, when a prosecutor "functions as an administrator" or an investigator " 'rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (*citing Imbler*, 424 U.S. at 431 n.33). Plaintiff's allegations concern conduct related to initiating a prosecution and presenting the State's case. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

In addition, Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a prisoner asserting a civil rights action challenging his confinement must allege that the basis for that confinement has been invalidated, whether by direct appeal, collateral attack, or executive order. *Id.* at 486–87. "*Heck* applies to suits filed by pretrial detainees." *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004). It is clear that the complaint challenges the pending criminal charges against Plaintiff. Those charges have not been declared invalid, and Plaintiff's claims, therefore, are barred by *Heck*.

## III.  CONCLUSION

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: December 22, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge